R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*StockFood America, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STOCKFOOD AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEFY MEDIA, L.L.C., <br><br> Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

Plaintiff, StockFood America Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against defendant Defy Media, L.L.C. ("Defendant") alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a Maine corporation with a principal place of business at 2 Storer Street, Suite 109, Kennebunk, Maine 04043.

4. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of New York, with a principal place of business at 498 7th Avenue, 19th Floor, New York, New York 10018.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.   Plaintiff's Business**

8. Plaintiff is one of the world's leading food specialist among media agencies, providing creative professionals with a wide-ranging, high-quality collection of food images and videos available. Its content and productions can be found in high-quality online and print publications, mobile apps, advertisements, books and calendars worldwide.

9.  Plaintiff is the owner the photographic images referenced as 00688225, 00648045, 00385855 and attached hereto as Exhibit A (the "Copyrighted Works").

10. The Copyrighted Works are original works of authorship.

11. Plaintiff is the owner of the copyrights in and to the Copyrighted Works.

12. On January 21, 2011, on behalf of Peter Eising, Plaintiff obtained a certificate of registration with the United States Copyright Office for the photographic works referenced as 00385855 and 00688225, Registration Number VA 1-768-817.

13. On March 13, 2008, Plaintiff obtained a certificate of registration with the United States Copyright Office for the photographic work referenced as 00648045, Registration Number VA 1-652-274.

14. Attached hereto as Exhibit B are copies of the above-referenced certificates of registration from the United States Copyright Office.

**B.  Defendant's Unlawful Activities**

15. Plaintiff has discovered Defendant is, and has been, infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

16. Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, and publicly displayed at websites located on the internet (herein after the "Infringing Websites"), screenshots of which are attached hereto as Exhibit C.

17. Upon information and belief, the Infringing Websites are owned or operated by Defendant.

18. Upon information and belief, Defendant located the Copyrighted Works on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Works to its computer system and then uploaded the Copyrighted Works to the Infringing Websites,

thus unlawfully reproducing and distributing the Copyrighted Works, where the Copyrighted Works were then publicly displayed without Plaintiff's permission.

19. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Works.

20. Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Works are without Plaintiff's authorization.

21. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of Plaintiff's rights.

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

22. Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. Plaintiff owns sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

25. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to the reproduction, distribution, and public display of the Copyrighted Works at the Infringing Websites.

26. Defendant reproduced, distributed, and publicly displayed the Copyrighted Works at its websites without authorization from Plaintiff.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Works at its websites.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and it has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's use of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

30. At Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

34. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35. The Copyrighted Works included digital copyright management information.

36. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

37. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

38. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

39. By reason of the violations of the Digital Millennium Copyright Act committed by Defendant, Plaintiff has sustained and will continue to sustain substantial injuries.

40. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

41. At its election, and in lieu of Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

42. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has each infringed Plaintiff's copyrights in the Copyrighted Works under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Works with respect to the unlawful conduct of Defendant.

4. Awarding Plaintiff such exemplary and punitive damages from Defendant as the Court finds appropriate to deter any future willful infringement of Defendant and others;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

    (b)    directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Works.

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: November 16, 2018

*/s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*StockFood America, Inc.*